**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) Criminal Case No. 2:23cr00001-003 | |
| v. ) | |
| ) **REPORT AND** | |
| **JOHN JOEL FOSTER,** ) **RECOMMENDATION** | |
| Defendant. ) | |

### *I.   Background*

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

### *II.   Facts*

The defendant has been charged in a multi-defendant, multi-count Indictment. On April 6, 2023, a plea hearing was conducted before the magistrate judge, and the defendant entered a plea of guilty to the lesser-included offense contained in Count One of the Indictment, conspiracy to distribute and/or possess with intent to distribute 5 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).

At this hearing, the defendant was placed under oath and testified that he is 51 years old, he had left high school in the 12th grade, and he had received his general educational development, ("GED"), diploma. The defendant testified that he reads

and writes the English language. The defendant stated that he had a history of mental health problems, including diagnosis and treatment with medication for bipolar disorder, anxiety and depression.  The defendant testified that his mental health condition and his mental health medications did not affect his ability to make decisions in his best interests or his ability to understand the nature of the proceedings or the consequences of pleading guilty. The defendant testified that, at the time of his arrest on January 19, 2023, he was abusing and/or addicted to marijuana and methamphetamine, and he had previously been addicted to alcohol. The defendant stated that he has not abused any substances while in custody since January 19, 2023.   He also testified that he was not under the influence of any drug, medication or alcoholic beverage.

     The defendant stated that he was fully aware of the nature of the charge against him and the consequence of pleading guilty to that charge. The defendant was advised in open court of the lesser-included charge contained against him in Count One of the Indictment.  He testified that he had fully discussed the charge, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement.  He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified that he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offense with which he is charged is a felony and that, if his plea is accepted, he will be adjudged guilty of the offense and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that he understood that the offense with which he is charged is a drug offense and that, if his plea to this charge is accepted, he will be adjudged guilty of the offense and that this adjudication will make him ineligible for certain federal benefits including certain Social Security and food stamp benefits.

The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offenses with which he is charged. In particular, the defendant stated that he understood that the offense carried a mandatory minimum sentence of 5 years' imprisonment.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report

has been completed, and both parties have an opportunity to challenge the reported facts and the application of the Guidelines. The defendant stated that he understood that, after the applicable guideline range was determined, that the district judge has the authority in some circumstances to depart from the Guidelines and impose a sentence that is more severe or less severe than the sentence called for by the Guidelines. He stated that he understood that the Sentencing Guidelines were no longer mandatory, and after considering the Guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the Guidelines and up to the statutory maximum sentence. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant also testified that he was agreeing that Sentencing Guideline 2D1.1(c) should apply to his case for a base offense level of 30 based on at least 50 grams, but not more than 150 grams, of methamphetamine.

The defendant also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty plea is accepted:

   i.   The right to plead not guilty to any offense charged against him;
   ii.  The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
   iii. The right of assistance of counsel;
   iv.  The right to see, hear and cross-examine witnesses;
   v.   The right to call witnesses to testify in his own behalf and to the

            issuance of subpoenas or compulsory process to compel the attendance of witnesses; and

vi.     The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. He stated that he had no complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his plea and asked the court to accept his plea of guilty to the lesser-included offense in Count One of the Indictment.

The Government presented the following evidence regarding the offense with which the defendant is charged:

    Between September 1, 2021, and September 30, 2022, the defendant, John Joel Foster, and others, knowingly and intentionally conspired to distribute and possess with intent to distribute 5 grams or more of methamphetamine in Lee County, Virginia.

    The evidence would show that during the relevant period, the defendant was purchasing at least an ounce or 28 grams of crystal or "ice" methamphetamine every two to three weeks from co-conspirator Billy King. Billy King then facilitated a relationship between the defendant and co-conspirator Garrett Teffeteller, so that the defendant could continue to routinely purchase methamphetamine directly from Teffeteller while King was out of town. The evidence would show that from April 2022 to September 2022, the defendant purchased

approximately an ounce of methamphetamine per week from Teffeteller for approximately $250. While the defendant used *some* of the methamphetamine, he also redistributed some of the methamphetamine he purchased from King and Teffeteller during the conspiracy. The evidence also would show that the amounts of methamphetamine the defendant was purchasing were distribution quantities of methamphetamine.

The evidence would show that the defendant had knowledge of the objectives and scope of the conspiracy and knowingly and voluntarily participated in it.

After the Government presented its summary of this evidence, the defendant stated that he agreed that the Government could present this evidence at trial, and he had no dispute or objection to the Government's summary of its evidence.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charge and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty

   to the lesser-included offense contained in Count One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's plea of guilty to the lesser-included offense contained in Count One of the Indictment and adjudge him guilty of that offense.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and

recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:    This 10th day of April, 2023.

/s/   *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE